PAULA M. KIRK, f.k.a. PAULA M. WALTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirk v. Commissioner
Docket No. 3444-89
United States Tax Court
T.C. Memo 1991-504; 1991 Tax Ct. Memo LEXIS 553; 62 T.C.M. (CCH) 947; T.C.M. (RIA) 91504; October 3, 1991, Filed *553 Andrew W. Forsyth III, for the petitioner. Julia L. Wahl, for the respondent. WELLS, Judge. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiency in and additions to petitioner's Federal income tax: Addition to Tax
Addition to Tax
Year
Deficiency
Section 6653(a)(1) [1]
Section 6653(a)(2)
1984
$ 3,507.65
$ 175.38 *
This case is before us on cross-motions to dismiss for lack of jurisdiction. The issue for us to decide is whether respondent sent the notice of deficiency to petitioner's last known address. FINDINGS OF FACT None of the facts were stipulated. A hearing was held and the parties stipulated certain documents and offered other evidence. At the time she filed her petition, *554 petitioner was a resident of Pittsburgh, Pennsylvania. Petitioner separated from her former husband, Edward J. Walter, in late 1983 or early 1984 and subsequently filed for divorce. A Pennsylvania court granted the divorce on October 18, 1985. Although separated, petitioner and Mr. Walter filed a joint income tax return for taxable year 1984. Petitioner signed the income tax return prior to Mr. Walter's completion of the return and gave him the necessary W-2 forms for filing the return. Respondent lost the original 1984 income tax return, but upon discovery of that fact Mr. Walter filed a copy of the original return to replace the lost return (the replacement return). On January 15, 1986, respondent's Philadelphia Service Center received the replacement return. On April 22, 1986, after waiting for an expected income tax refund, Mr. Walter spoke with the Problem Resolution Office of the Internal Revenue Service. Subsequently, respondent issued a refund based on the replacement return. The record does not disclose who received the income tax refund. The preprinted address label was visible on the replacement return. The label had printed on it the address, 1490 Hedwig Drive, *555 Allison Park, Pennsylvania. Before he filed the replacement return, however, Mr. Walter crossed out the preprinted address, and inserted the handwritten address, 4515 Haddon Place, Wexford, Pennsylvania. Petitioner and Mr. Walter resided at 1490 Hedwig Drive during their marriage. Upon his separation from petitioner, Mr. Walter moved from 1490 Hedwig Drive and subsequently has resided at various addresses. Petitioner continued to reside at 1490 Hedwig Drive until July, 1985, when she moved to 4515 Haddon Place. Petitioner lived at 4515 Haddon Place until she remarried in September, 1986. Following her remarriage, she moved to 922 Witley Drive, Pittsburgh, Pennsylvania. Mr. Walter never resided at 4515 Haddon Place. On February 9, 1987, respondent sent an audit report for taxable year 1984 addressed jointly to petitioner and Mr. Walter. Subsequently, on March 17, 1987, respondent sent a follow-up letter addressed jointly to petitioner and Mr. Walter. Respondent sent both letters by regular mail to 4515 Haddon Place. Although petitioner no longer resided at that address, the post office did not return either letter to respondent. Respondent did not take any action to determine *556 whether the 4515 Haddon Place address was correct. Mr. Walter received the audit letter, but the record does not explain the method by which he received it. Subsequently, Mr. Walter called respondent to change the appointed time to discuss the 1984 return. Respondent's records show that the appointment was rescheduled twice, but that neither appointment was kept. Respondent sent to petitioner and Mr. Walter, by certified mail, a joint notice of deficiency on April 30, 1987, for taxable year 1984. Respondent addressed the notice to Mr. Edward J. Walter and Mrs. Paula M. Walter at 4515 Haddon Place. The Postal Service returned the notice of deficiency to respondent because it was undeliverable as addressed. Postal regulations at that time would not permit forwarding certified mail which was jointly addressed. Petitioner did not have knowledge of respondent's determination of the deficiency for taxable year 1984 until she received a notice of intention to levy dated November 22, 1988. Respondent sent the notice of intention to levy to petitioner's 922 Witley Drive address. The record does not disclose whether petitioner filed an income tax return for 1985. Respondent has no *557 record of petitioner's having filed a 1985 income tax return. Petitioner does not have a copy of a 1985 return. Respondent did not process petitioner's 1986 income tax return until May 11, 1987, twelve days after the notice of deficiency for taxable year 1984 was mailed. OPINION When the Commissioner determines a deficiency, he is authorized under section 6212(a) to send notice of the deficiency to the taxpayer by certified or registered mail. Section 6212(b) permits the Commissioner to send a single joint notice of deficiency to the last known address of a husband and wife filing a joint income tax return. Section 6212(b) also requires, however, that if either spouse has notified the Commissioner that separate residences have been established, then the Commissioner must send a duplicate original of the joint notice by certified or registered mail to each spouse's last known address. After the Commissioner mails a taxpayer a notice of deficiency meeting the requirements of section 6212, the taxpayer has 90 days [2] to file a petition for redetermination with the Tax Court. Sec. 6213. The Tax Court does not have jurisdiction under section 6213 unless the taxpayer files a timely *558 petition for a redetermination of the deficiency. Sec. 6213(a). If the taxpayer does not file a petition with the Tax Court within the time prescribed, the deficiency shall be assessed and paid upon notice and demand from the Commissioner. Sec. 6213(c). In the instant case we must decide whether respondent sent the joint notice of deficiency to petitioner's last known address. The phrase, "last known address," is not defined within the Internal Revenue Code. ; , affd. without published opinion . Nonetheless, we have consistently held that a taxpayer's last known address is defined as "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite *559 duration or period to which all communications during such period should be sent."
, citing, (emphasis in original). A taxpayer's last known address generally is that address to which, in light of all surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer desired the notice of deficiency to be sent. ; . The Commissioner's knowledge at the time the statutory notice was mailed thus is the relevant inquiry. ; . The burden is on the taxpayer to keep the Commissioner informed of the taxpayer's proper address. ; . The Commissioner, however, is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address. ; *560 . Reasonable diligence permits the Commissioner to treat the address appearing on a taxpayer's return as the last known address unless the taxpayer gives clear and concise notice directing the Commissioner to use a different address. ; . Duplicate originals of the joint notice of deficiency are necessary when the Commissioner has notice prior to mailing the notice of deficiency that the joint filers maintain separate last known addresses. ; . The Commissioner only has to have notice that the joint filers do not share the same last known address, even if the Commissioner has notice of only one spouse's last known address, to make sending separate joint notices of deficiency necessary. . A notice of deficiency is sufficient if the Commissioner sent the notice to the taxpayer at his last known address, *561 even though it does not reach him because of his failure to communicate to the Commissioner an address change. ; . "Nothing in the Code requires * * * [Commissioner] to take additional steps to effectuate delivery. The Code does not even require remailing." (citations omitted). In the instant case, petitioner makes a number of arguments. First, she contends that Mr. Walter notified respondent prior to the mailing of the joint notice of deficiency that he had changed his address. Consequently, petitioner argues such notice should have put respondent on notice that a separate, duplicate original of the joint notice should have been sent to her at the 4515 Haddon Place address so that, under the postal regulations, the notice would have been forwarded to her. We reject petitioner's contentions because petitioner has not proved that Mr. Walter in fact notified respondent of any change in address. The record does not support petitioner's contentions. First, petitioner argues that because Mr. *562 Walter contacted the Problem Resolution Office concerning the 1984 income tax refund and a refund was issued, Mr. Walter must have received the refund at the address where he was living at that time. Petitioner bases that argument upon her assertion that she did not receive the refund. Mr. Walter's testimony refutes petitioner's assertion; he alleges that petitioner received the refund and cashed it. Even if we were to accept petitioner's testimony that she did not receive the refund, however, the record does not establish that the refund was sent to any address other than 4515 Haddon Place, the address where petitioner was living when the refund was sent. Thus, the only address in the hands of respondent when he mailed the notice of deficiency was the one documented on the problem resolution record and the 1984 income tax return -- the 4515 Haddon Place address. Petitioner next points to a telephone number appearing on the problem resolution record. Although the telephone number was the telephone number of where Mr. Walter apparently was residing at the time, the problem resolution record indicated that it was a daytime business telephone number. Such an indication does not *563 prove that respondent was notified that Mr. Walter changed his address. Petitioner also contends that respondent used an address different from 4515 Haddon Place to schedule an audit appointment. Mr. Walter admitted that he received the audit report and telephoned respondent to request a scheduling change. The record, however, does not show that respondent communicated in any manner other than the telephone to schedule such appointments, and petitioner has not offered any evidence that respondent received any address from Mr. Walter during the telephone conversations other than the 4515 Haddon Place address. Petitioner also points to two documents containing Mr. Walter's new address. The first document is an internal memorandum prepared by respondent, and the second is a computer generated document summarizing Mr. Walter's account. Each document, however, was dated or generated from respondent's computer subsequent to the mailing of the notice of deficiency. Consequently, neither document proves respondent's knowledge at the time he mailed the notice of deficiency. ; . *564 Petitioner also points to her testimony that she filed a timely 1985 income tax return with her new address shown on the return. Petitioner, however, did not offer a copy of her 1985 return, and respondent has no record of the return. Absent evidence corroborating petitioner's testimony, we are unwilling to hold that petitioner has proved that she filed her 1985 return with the new address. Petitioner argues that because the Postal Service returned the notice of deficiency as undeliverable, respondent was put on notice that the 4515 Haddon Place address was an incorrect address, and that further action was necessary to determine petitioner's correct address. In , however, we held that respondent is not required to remail any notice or perform any additional searches to effectuate delivery of the notice. . Only information in respondent's possession prior to mailing the notice of deficiency is relevant to the inquiry of whether the notice was mailed to a taxpayer's last known address. ; . Petitioner also *565 contends that her signature was forged on the replacement return. Consequently, petitioner argues, the forgery prevents the replacement return from being a joint income tax return. We disagree. Whether an income tax return is a joint income tax return is a question of a spouse's intent. ; , affd. . A spouse's intent is determined by the facts. . Petitioner's actions with respect to filing the 1984 income tax return by Mr. Walter indicate that she intended to file a joint return with Mr. Walter. Petitioner and Mr. Walter filed other joint income tax returns during their marriage. She signed the 1984 return prior to its completion and gave Mr. Walter the necessary W-2 forms to include her income in the return. Moreover, by signing a blank return, it appears that petitioner authorized Mr. Walter to complete the joint income tax return in any manner. Mr. Walter did not vitiate petitioner's intent to file a joint return when *566 he filed the replacement return and changed the address on the return. In light of the evidence that petitioner intended to file a joint return for taxable year 1984, petitioner's signature on the return was unnecessary. . We therefore do not need to decide whether the signature was a forgery as contended by petitioner. We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, we find that respondent sent the notice of deficiency to petitioner's last known address. Respondent's motion to dismiss for lack of jurisdiction will be granted and petitioner's motion to dismiss for lack of jurisdiction will be denied. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $ 3,507.65↩
2. The 90 day time limit is increased to 150 days if the notice is addressed to a person outside the United States.↩